IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY MARVELL SEMIEN,

    Plaintiff,                        No. CIV S-07-0374 FCD KJM P

    vs.

DAVID DIAZ, Jr., et al.,

    Defendants.            ORDER

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983, alleging that the defendants subjected him to excessive force when arresting him. On January 7, 2008, he filed a motion to extend the discovery cut-off date, specifically to allow him to subpoena records from third parties. (Doc. no. 28.)

        Under Federal Rule of Civil Procedure 45(a)(2)(C), a subpoena may direct a non-party to an action to produce documents or other tangible objects for inspection. Moreover, the U.S. Marshal's obligation to serve process for indigents includes the duty to serve subpoenas duces tecum. See 28 U.S.C. 566(c), 1915(d). However, a party's ability to use a subpoena duces tecum is circumscribed by the relevance standards of Federal Rule of Civil Procedure 26(b)(1), Transcor, Inc. v. Furney Charters, Inc., 212 F.R.D. 588, 591 (D. Kan. 2003), and by the court's duty to ensure that a subpoena does not impose "undue burden or expense on a person subject to

1 that subpoena." <u>United States v. Columbia Broadcasting System, Inc.</u>, 666 F.2d 364 (9th Cir.
2 1982) (court may award costs of compliance with subpoena to non-party); <u>Cantaline v. Raymark</u>
3 <u>Industries, Inc.</u>, 103 F.R.D. 447, 450 (S.D. Fla. 1984) (same); Fed. R. Civ. P. 45(c)(1).  One
4 court has found it appropriate to require an indigent plaintiff to "demonstrate that he has made
5 provision for the costs of such discovery" before it would direct the Clerk to provide him with
6 the forms for subpoenas duces tecum.  <u>Badman v. Stark</u>, 139 F.R.D. 601, 605 (M.D. Pa. 1991).

7 Plaintiff seeks a copy of his booking photo from the Yolo County Jail, which
8 would allegedly show that he was bruised.  The photo may be relevant and the request for it does
9 not appear to pose an undue burden.  He will be permitted to pursue this line of discovery
10 beyond the discovery cut-off date.

11 Plaintiff also seeks unspecified portions of the transcript of his trial.  He has not,
12 however, made a sufficient showing of relevance to authorize the service of the subpoena for
13 these materials.  Plaintiff has presented nothing suggesting how the transcript will assist him in
14 opposing summary judgment or made an adequate showing the testimony he seeks has been
15 transcribed.

16 Finally, plaintiff has filed a letter, explaining the difficulties he has had in
17 securing copies of the documents necessary to prepare and file his opposition to defendants'
18 motion for summary judgment.  However, plaintiff has now filed his opposition, so his request
19 for assistance is now moot.

20 IT IS HEREBY ORDERED that:

21 1.  Plaintiff's request to extend time for pursuing discovery (Doc. no. 28) is
22 extended but only to allow him to subpoena his booking photo from the Yolo County Jail;

23 2. Plaintiff's request for assistance in serving a subpoena for records (Doc.
24 no. 28) is granted insofar as plaintiff seeks his booking photo, but is denied in all other respects;

25 3. The Clerk of the Court is directed to send plaintiff a blank form for a civil
26 subpoena duces tecum; within thirty days of the date of this order, plaintiff should return the

1 form properly filled out as allowed by paragraph 2 above so that the court may forward it to the
2 Marshal;

3     4. Should plaintiff believe that the subpoenaed photograph is relevant to the
4 pending motion for summary judgment, he may move for leave to submit it in opposition to
5 summary judgment; by allowing plaintiff to so move, the court expresses no opinion as to its
6 ruling on any such motion; and

7     5. Plaintiff's request for the court's intervention in securing copies from the
8 prison law library (Doc. no. 29) is denied as moot.

9 DATED: February 22, 2008.

_____
U.S. MAGISTRATE JUDGE

2
semi0374.ord