IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY M. SEMIEN, | | |
| | Plaintiff, | No. CIV S-07-0374 FCD KJM P |
| | vs. | |
| DAVID DIAZ, Jr., et al., | | <u>ORDER AND</u> |
| | Defendants. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| _____/ | | |

       Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983, alleging that defendants Diaz and Nishimi used excessive force against him. Defendants have filed a motion for summary judgment, arguing that the claim is foreclosed by the case of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

I.  <u>Summary Judgment Standards Under Rule 56</u>

       Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

/////

/////

/////

1  Under summary judgment practice, the moving party
2  always bears the initial responsibility of informing the district court
   of the basis for its motion, and identifying those portions of "the
3  pleadings, depositions, answers to interrogatories, and admissions
   on file, together with the affidavits, if any," which it believes
4  demonstrate the absence of a genuine issue of material fact.

5  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the

6  nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

7  judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

8  to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered,

9  after adequate time for discovery and upon motion, against a party who fails to make a showing

10 sufficient to establish the existence of an element essential to that party's case, and on which that

11 party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof

12 concerning an essential element of the nonmoving party's case necessarily renders all other facts

13 immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as

14 whatever is before the district court demonstrates that the standard for entry of summary

15 judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

16  If the moving party meets its initial responsibility, the burden then shifts to the

17 opposing party to establish that a genuine issue as to any material fact actually does exist.  See

18 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

19 establish the existence of this factual dispute, the opposing party may not rely upon the

20 allegations or denials of its pleadings but is required to tender evidence of specific facts in the

21 form of affidavits, and/or admissible discovery material, in support of its contention that the

22 dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party

23 must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

24 of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

25 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

26 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On October 2, 2007 , the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999) and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

/////

II. <u>Undisputed Facts</u>[1]

On February 16, 2006, defendants Diaz and Nishimi, Highway Patrol Officers, pursued plaintiff's car after plaintiff failed to pull over in response to the officers' lights and siren. Defendants' Undisputed Facts (DUF) 1, 3, 6-8, 10. During the pursuit, plaintiff's car reached speeds over 100 miles an hour. DUF 15-16. The car stopped only after it spun out of control. DUF 23.

Once out of the car, plaintiff refused Nishimi's order to stop, but the defendants were able to bring him to the ground. DUF 25, 27. Plaintiff was handcuffed and eventually taken to the ground by defendant Diaz and Officer Parsons. DUF 28, 32; Amended Complaint (Am. Compl.) at 3-4.[2] Defendant Nishimi used pepper spray to subdue plaintiff so that leg restraints could be applied. DUF 34; Am. Compl. at 4.

As a result of this incident, criminal charges were filed against plaintiff. Those relevant to this action are count two, which charged plaintiff with threatening an officer in the performance of his duties, in violation of California Penal Code section 71; count three, resisting an officer in the performance of his duties, in violation of Penal Code section 69; and count four, vandalism in violation of California Penal Code section 594(a)(b)(2)(A). DUF 35.

In connection with counts two and three, the jury was instructed that to find plaintiff guilty of these charges, it had to find that plaintiff acted or attempted, by actions or by threats, to prevent officers from performing their lawful duty and that officers could not be deemed to be acting lawfully if they used unreasonable or excessive force in carrying out their

---

[1] Defendants support their Statement of Undisputed Facts with unauthenticated portions of the state trial transcript. <u>Orr v. Bank of America</u>, 285 F.3d 764, 776-77 (9th Cir. 2002) (portions of a trial transcript cannot be authenticated by counsel's declaration). However, because plaintiff admits most of defendants' statements of undisputed fact, there is no error in relying on them. <u>See</u> <u>Hal Roach Studios v. Feiner</u>, 896 F.2d 1542, 1551 (9th Cir. 1989).

[2] The court refers to the page numbers assigned by its CM/ECF system. The complaint is signed under the penalty of perjury and so may be used as an affidavit to resolve summary judgment. <u>Moran v. Selig</u>, 447 F.3d 748, 759 n.16 (9th Cir. 2006).

1 duties. DUF 36, 38.[3] The trial court also instructed the jury that a peace officer may use
2 reasonable force to arrest someone or to overcome resistance, but that it could not find plaintiff
3 guilty of resisting arrest if the arrest was unlawful; the court also instructed that if the officers
4 used excessive force to arrest, the person arrested could use reasonable force to defend himself.
5 DUF 40.

Plaintiff was convicted of counts two and three, among others. DUF 41, 43-44.

III. Disputed Facts

Defendants contend that plaintiff hit his head on the trunk of the patrol car. DUF 31. Plaintiff counters, however, that defendant Diaz slammed plaintiff's head into the trunk of the patrol car. Am. Compl. at 3-4; Plaintiff's Statement Of Disputed Facts (PDF) 31. He also argues that the vandalism charge was based on the damage to the patrol car and that because the jury acquitted him of vandalism, it also found that Diaz had caused plaintiff to hit his head on the trunk. PDF 31.

IV. Analysis

In Heck v. Humphrey, 512 U.S. at 486-87 the Supreme Court ruled a § 1983 action that would necessarily call into question the lawfulness of a plaintiff's conviction is not cognizable unless the plaintiff can show his conviction has been reversed. Defendants argue that this action is barred by plaintiff's convictions, because in convicting plaintiff, the jury necessarily found that Diaz and Nishimi had not acted with excessive force in arresting plaintiff.

In Smith v. City of Hemet, 394 F.3d 689, 697-98 (9th Cir.), cert. denied, 545 U.S. 1128 (2005), the Ninth Circuit considered whether a civil rights action alleging excessive force was necessarily barred by the plaintiff's conviction for violating California Penal Code section 148(a)(1) for willfully resisting, delaying or obstructing an officer.[4] The court found that the

---

[3] There is no undisputed fact 37.

[4] Depending on the facts, a violation of Penal Code section 148 is a lesser included or a lesser related offense of Penal Code section 69. People v. Lacefield, 157 Cal.App.4th 249, 254-

plaintiff's plea of guilty to acts of obstruction during an officer's investigation did not necessarily bar his civil rights action stemming from the officers' use of excessive force during the arrest itself. The court observed that there was "no indication as to whether Smith's plea was based on his conduct that impeded the officers' investigation . . . or his subsequent resistence to their physical attempt to arrest him, or both," and so found that the action would not necessarily imply the invalidity of his conviction. Id. at 698, 699. See also Sanford v. Motts, 258 F.3d 1117, 1119-20 (9th Cir. 2001) (civil rights plaintiff's nolo plea to resisting arrest not barred when the record did not disclose the factual basis of the plea).

In Smith, the Ninth Circuit drew a distinction, however, when a civil rights plaintiff has been convicted after trial:

> [U]nder California law, persons who violate § 148(a)(1) in a number of respects in the course of a single incident may be charged and convicted only once. This rule is for the benefit of defendants and under it a general charge encompasses, and precludes further prosecution of, all the acts involved. Unlike Smith, Susag[5] was convicted after a trial in which the prosecutor established a factual pattern of conduct sufficient for the jury to determine his guilt beyond a reasonable doubt. Where a defendant is charged with a single-act offense but there are multiple acts involved each of which could serve as the basis for a conviction, the jury does not determine which specific act or acts form the basis for the conviction. Thus, a jury's verdict necessarily determines the lawfulness of the officers' actions throughout the whole course of the defendant's conduct, and any action alleging the use of excessive force would '*necessarily* imply the invalidity of his conviction.

Smith, 394 F.3d at 699 n.5 (emphasis in original; internal citations omitted). Unlike Smith, plaintiff stood trial and the jury heard the defendants describe plaintiff's conduct during the course of the arrest, starting with his refusal to stop when ordered to do so, through his attempts to pull away from the officers, the contact between his head and the trunk of the defendants' car,

---

59 (2007). Because of this relationship, the Ninth Circuit's analysis in Smith is equally applicable to this case.

[5] The reference is to Susag v. City of Lake Forest, 94 Cal.App.4th 1401 (2002).

1 conduct that was finally subdued only after the application of pepper spray.   Thus, a decision for
2 plaintiff in the current action would necessarily imply the invalidity of his conviction for
3 violating Penal Code section 69.

4     Plaintiff suggests that the rule articulated in Heck does not apply because his
5 acquittal of the vandalism charge shows the jury found he did not slam his head against the trunk
6 of the patrol car.  PDF 36.  However, the jury's finding does not necessarily mean that it accepted
7 plaintiff's version of this event; it may have found only that plaintiff did not act maliciously.
8 Cal. Penal Code §§ 594(a)(2) (penalizing malicious damage to property) & 7 (maliciously
9 "import[s] a wish to vex, annoy, or injure another person, or an intent to do a wrongful act").
10 Accordingly, the dispute over the head-butting or head-ramming component of the overall course
11 of conduct at issue is not material and does not preclude summary judgment.

12 V.  Plaintiff's Request For A Subpoena

13     On February 25, 2008, the court found plaintiff's request for a subpoena
14 appropriate and directed him to return a subpoena for his Yolo County Jail booking photograph.
15 Plaintiff did so and on April 10, 2008, the court directed the U.S. Marshal to serve the subpoena.
16 However, as a deputy U.S. Marshal has since pointed out to the court, plaintiff improperly filled
17 out the portion of the subpoena relating to its actual service.

18     The court finds that even if plaintiff obtained the booking photo, it would not
19 preclude summary judgment.  While it might show the bruises to plaintiff's face, these would not
20 be material in light of the Heck bar to this action.

21     Accordingly, IT IS HEREBY ORDERED that the order of April 10, 2008,
22 directing the U.S. Marshal to serve plaintiff's subpoena (docket no. 35) is vacated and the Clerk
23 of the Court is directed to notify the U.S. Marshal of that fact.

24     IT IS HEREBY RECOMMENDED that defendants' motion for summary
25 judgment (docket no. 22) be granted.

26 /////

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within ten days after service of the objections.  The parties are advised
7  that failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9  DATED: August 26, 2008.

_____
U.S. MAGISTRATE JUDGE

2

semi0374.57